U.S. District Court
District of Colorado

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC - 8 2010

GREGORY C. LANGHAM
                    CLERK

United States

v.                              #10-CR-493

Timothy Doyle Young

Defendant's Exhibits #26 - #28

① The attached three pages are the basis of tort claim TRT-NCR-2011-00077 and are marked as exhibits #26, #27, and #28.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on              Ti Y
Dec. 2, 2010

Timothy Doyle Young  #60012-001
USP-Max-ADX
POBox 8500
Florence, CO    81226

## Declaration

## Affidavit of Timothy Doyle Young

I, Timothy Doyle Young, make the following statement under penalty of perjury:

① On 6-11-2008 Unit Manager (U.M.) Collins issued a memo for legal mail procedures which prevented me from mailing any letters for nine months. See #09-cv-1275 (D. Colo), dkt. #6, exhibits #3 - #70, etc.

② A grievance was granted to restore my access to the U.S. Mail, the Courts, and indigent postage, see id. ex. #25.

③ On 8-13-2009 U.M. Collins issued another memo similar to the 6-11-2008 memo, see #10-1576 (1st Cir.) Opening Brief, exhibit #268.

④ Mr. Collins did this deliberately and with malice to block my access to the Courts again and causing the loss of several Tenth Circuit Appeals

⑤ U.M. Collins did participate in the

Aff. - p. One

Exhibit #26

block of all my outgoing communications from 6-2-2008 through 2-23-2009, so this is easily proven as a deliberate act with the intent to violate the First Amendment. See #09-cv-1275, exhibits #8 - #11, #13, #15, #16, #18, #19, #90, etc.

(6) Both of the memos above contain false information in violation of the Privacy Act. BOP records (the Stamp Log and the corresponding BP-199 forms) show that I did Not withhold any forms in 2007 and the second incident alleged by Mr. Collins had the Incident Report expunged because of misconduct by Counselor Madison.

(7) Even though the 5-29-2008 I.R. was expunged, U.M. Collins decided to impose sanctions anyway in violation of BOP Policy and Due Process.

(8) Mr. Collins has been promoted to Administrative Remedy Coordinator where he continues to violate inmate's rights by falsifying SENTRY records. The percentages shown by the SENTRY

Att. - p. Two

Exhibit #27

Index itself is enough to prove this, but the individual records are over-whelming evidence.

(9)   It should be noted that the 8-13-09 memo was in violation of security (see #10-1576, Opening Brief, exhibit #472 and FLM 5321.06 I (1)) and could have caused Counselor Madison to be "seriously injured", see #10-1154 (1st Cir.), Petition for Rehearing, exhibit # 132.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on                    T. Y.
Sept. 16, 2010                 Pro Se

Timothy Doyle Young    # 60012-001
USP-Max-ADX
POBox 8500
Florence, CO    81226

Aff. - p. Three

Exhibit #28

## Certificate of Service

I deposited two envelopes in the U.S. Mail with first class postage attached addressed to:

① U.S. District Court
   901 19th St.
   Denver, CO 80294-3589

② U.S. Attorney
   Suite #700
   1225 17th St.
   Denver, CO 80202

I declare under penalty of perjury that the foregoing is true and correct.

Executed on          T. Y.
Dec. 2, 2010

Timothy Doyle Young #60012-001
USP-Max-ADX
PO Box 8500
Florence, CO 81226



Name: Timothy Doyle Young
Reg. No: 60012-001
U.S. PENITENTIARY MAX-ADX
P.O. BOX 8500
FLORENCE, CO 81226-8500

Legal Mail
12.2.2010

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
DEC -8 2010
GREGORY C. LANGHAM
CLERK

U.S. District Court
901 19th St.
Denver, CO
80294-3589