**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 10-cr-00493-MSK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  TIMOTHY DOYLE YOUNG,

      Defendant.

---

**PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

---

Pursuant to this Court's practice standards and trial procedures, the United States, through its representatives, John F. Walsh, United States Attorney for the District of Colorado, and Richard A. Hosley and Greg Holloway, Assistant United States Attorneys, hereby submits these proposed jury instructions and verdict form in the above captioned case.  Government counsel electronically mailed copies of these instructions to defense counsel on December 28, 2010.  As of the time of this filing, defense counsel has not responded as to whether the defense will stipulate, or object, to these proposed instructions.  The defense informed government counsel on January 6, 2011 that it intends to request a "choice of evils" instruction.  Government counsel believes this to be a "justification defense" instruction.  The United States objects to any such instruction. The basis for the objection is explained in more detail in its accompanying Trial Brief.

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1**

**Preliminary Instructions Before Trial**

Members of the jury: Now that you have been sworn, I will give you initial instructions to help guide you during the course of the trial.

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented by Assistant United States Attorneys Richard Hosley and Greg Holloway.  The Defendant, Timothy Doyle Young, is represented by his lawyer, Arthur Nieto.  The Defendant is charged by grand jury indictment with one count of Assault on a Federal Officer or Employee with a Deadly or Dangerous Weapon.  The charge reads as follows:

On or about November 24, 2009, at the Administrative Maximum Security (ADX) institution at the Federal Correctional Complex at Florence, in the State and District of Colorado, the Defendant, TIMOTHY DOYLE YOUNG, did intentionally forcibly assault, resist, oppose, impede, intimidate and interfere with the victim, Richard Madison, an officer and employee of the Federal Bureau of Prisons, an agency of a branch of the United States government, as designated in Title 18, United States Code, Section 1114, while the victim was engaged in the performance of his official duties; and in the commission of said acts, the defendant used a deadly and dangerous weapon, to wit: a sharpened metal instrument, commonly referred to as a "shank."  All in violation of Title 18, United States Code, Sections 111(a)(1) and (b).

The indictment is simply the description of the charge made by the government against the defendant; it is not evidence of guilt or anything else.  The defendant has pleaded not guilty and is presumed innocent.  He may not be found guilty by you unless all twelve of you unanimously find that the government has proved his guilt beyond a reasonable doubt.

The trial begins with opening statements.  An opening statement is not an argument or evidence, it is, instead, a roadmap or outline of the anticipated evidence which the attorney gives to help you understand the evidence as it is presented.  The government begins.  Then, counsel for the Defendant may, but is not required to, make an opening statement.

The government then presents its witnesses, and counsel for the defendant may cross-examine them.  Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine.  If the defendant presents a case, the government may present witnesses in rebuttal.  After all the evidence is in, I will instruct you as to the applicable law.  Then the attorneys will present their closing arguments beginning with the government, then the defendant, then a final word from the government.  Following closing arguments you will retire to deliberate on your verdict.

Court's Sample Introductory Criminal Jury Instructions No. 1; 1.01 <u>Pattern Criminal Jury Instructions</u>, Tenth Circuit (2005).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 2

### Preliminary Instructions Before Trial (cont.) - Roles of Judge and Jury

As mentioned in the jury selection process, the judge and the jury work as a team, each performing distinct and separate jobs.

My job as the judge is to make sure that the trial process moves smoothly and properly, to determine the law that applies to this controversy and to instruct you as to the law.  I will make rulings on certain legal issues and evidentiary issues as we go along.  You might analogize the evidentiary rulings to a football game when the referee declares a ball in or out of bounds.  These rulings will determine whether evidence is "in bounds," and therefore something you should consider, or whether it is "out of bounds," and therefore not subject to your consideration.

At times you may be excused from the courtroom or the attorneys may come to the bench for a private conference.  We will try to minimize any inconvenience to you, but these conferences are a natural and essential part of the trial process.  The attorneys will be addressing issues such as which order witnesses will be presented in, whether the parties can agree on certain facts, the applicable law, and so on.

After all the evidence is presented, I will give you final instructions as to the applicable law.  You will each have copies of the final instructions and I will read them to you.  I will also provide you with a form to record your verdict.  The instructions and verdict form will help guide you in your deliberations.

Your job as jurors is: (1) to listen to and review the evidence; (2) to decide the facts in this case - that is, what actually happened; (3) to apply the law to the facts that you find; and (4) to reach a decision as to whether the Defendant is guilty of the charge brought against him.  That decision is called a verdict.  You must follow the law whether you agree with it or not.  Nothing I say or do during the course of the trial is intended to indicate, or should be understood by you as indicating what your verdict should be.

Court's Sample Introductory Criminal Jury Instructions No. 2

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

### Direct and Circumstantial Evidence

You listen to and review the evidence during a trial in order to determine the facts. For example, in a traffic accident case, one person might testify that when a car went through the intersection the light was red; another person might testify that the light was green. You, as jurors, would evaluate the testimony of both witnesses and all other evidence to decide whether the light was red or green.

The evidence which you may consider consists of the testimony of witnesses, documents and other things received as exhibits, any facts that the lawyers agree to by stipulation and any facts that I instruct you to find.

There are two kinds of evidence - direct and circumstantial. You may consider both kinds of evidence. As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial. Direct evidence is direct proof of a fact - for example, testimony of a witness who saw an event. Circumstantial evidence establishes a fact from which you may infer or conclude that other facts exist. As an example of circumstantial evidence please imagine that a person walks into a room carrying an umbrella and wearing a wet raincoat. That could be circumstantial evidence from which you might conclude it was raining outside. It is not direct evidence that it is raining, because no one has said that they saw it raining. Instead, you may draw an

-6-

inference from the umbrella and wet raincoat.  You are not required to draw this inference.  Instead, you might conclude that other events better explain the umbrella and wet raincoat; perhaps you observed a sprinkler running near the entrance to the building. You make decisions based on direct and circumstantial evidence every day, and should use your experience in everyday life and common sense to help you make your decisions here.

With regard to testimony, it is up to you to decide which witnesses to believe and which not to believe and how much of any witness' testimony to accept or reject.  You should use the same tools, observations, and methods you use in your everyday life to help you decide who should be believed and who should not.  However, because you will only hear one witness at a time, you should wait until you have heard all of the evidence before you make up your mind as to whether to believe the testimony of any witness and before you decide about the existence of any particular fact.

Court's Sample Introductory Criminal Jury Instructions No. 3; 1.07 <u>Pattern Criminal Jury Instructions</u>, Tenth Circuit (2005).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 4

### Evidence - Defined

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.  There are certain things that are **not evidence**, and you may not consider these things in determining the facts.

(1) Statements, arguments, questions or objections by the attorneys **are not evidence**.  Lawyers have an obligation to make statements and arguments, to ask questions and to object to evidence that they believe is improper under the rules of evidence (i.e., out of bounds).  Do not be influenced by any evidentiary objection, my ruling on it or the frequency of objections made by any attorney.  If the objection is sustained, you should ignore the answer to the question; if I overrule the objection, treat the answer like any other.

(2) Instructions or admonitions to counsel **are not evidence**.  They are imposed to assure that the trial process is proper.

(3) If I tell you to disregard a particular statement, **that statement is not evidence**. You must put that statement out of your mind and not consider it for <u>any</u> purpose.  In some instances you may be instructed that the evidence can be received for a particular purpose only.  In that case, you must consider it <u>only</u> for the particular purpose specified.

(4) Anything you see or hear outside the courtroom **is not evidence**.  You must

limit yourself to the evidence presented here in the courtroom.

(5) During the course of the trial, people may enter and leave the courtroom or counsel tables.  You should not concern yourself with this - **it is not evidence**.

Court's Sample Introductory Criminal Jury Instructions No. 4; 1.06 <u>Pattern Criminal Jury Instructions</u>, Tenth Circuit (2005).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 5

### Presumption of Innocence

As you know, this is a criminal case.  There are three basic rules about a criminal case that you must keep in mind.

(1) The defendant is presumed innocent unless proven guilty.  The indictment against the defendant is only an accusation, nothing more.  It is not proof of guilt or anything else.  The defendant therefore starts out with a clean slate.

(2) The burden of proof is always on the government.  The defendant has no burden to prove his innocence, or to present any evidence or to testify.  Since the defendant has the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendant did not testify.

(3) The government must prove a defendant's guilty beyond a reasonable doubt.  I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.

Court's Sample Introductory Criminal Jury Instructions No. 5

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 6

### Juror Conduct During Trial

Now, a few words about your conduct during the case.

(1) You may take notes during the trial.  The courtroom deputy will give you a notebook with a pad of paper and a pencil or pen for that purpose.  Unless instructed to the contrary, the notebook should be left on your seat anytime you leave the courtroom. You may use your notes to help you recall evidence when you deliberate, but do not rely on your notes or anybody else's if they do not agree with your recollection.  Everyone takes notes in different formats, detail and of different things.  They are only to be used as an aid to your memory as to what you saw and heard.

(2) You will not be able to ask questions of the witnesses or their attorneys.  If you have a problem or a particular need in or outside of the courtroom, please let the courtroom deputy know.

(3) During the trial you are not to talk about the case with anyone or permit anyone to discuss it with you.  This means that you cannot discuss the case with other jurors until the trial is over and you begin deliberations.  You are not to discuss the case with anyone other than a juror (i.e., your spouse, family, friend or court personnel) until after the jury has reached its verdict and you have been discharged.

(4) Do not read or listen to anything reported by the media or press that relates to this case - this means newspapers, TV or any other medium.  If anyone should try to talk

-11-

to you about it, tell the courtroom deputy, who will tell me.

(5) Do not do any research or make any investigation, about the case on your own.

This prohibition includes reference to books, prior media reports and the internet.

(6) Keep an open mind and do not form any opinion until all the evidence has been

presented and you begin deliberations with your co-jurors.  Once you begin deliberations,

you may only discuss the case if all jurors are present.

Court's Sample Introductory Criminal Jury Instructions No. 6

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 7

### Burden of Proof - Reasonable Doubt

The government has the burden of proving the defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. It is a doubt based on the evidence and not on a hunch, a guess or a whim.

If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crimes charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

1.05 <u>Pattern Criminal Jury Instructions</u>, Tenth Circuit (2005)

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 8

### Credibility of Witnesses

I remind you that it is your job to decide whether the government has proved the

defendant's guilt beyond a reasonable doubt.  In doing so, you must consider all of the

evidence.  I have previously described to you what is, and is not, evidence.  This does not

mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the

weight to be given to the witness's testimony.  An important part of your job will be

making judgments about the testimony of the witnesses who testified in this case,

including the defendant.  You should think about the testimony of each witness you heard

and decide whether you believe all or any part of what each witness had to say, and how

important that testimony was.  In making that decision, I suggest that you ask yourself a

few questions:  Did the witness impress you as honest?  Did the witness have any

particular reason not to tell the truth?  Did the witness have a personal interest in the

outcome in this case?  Did the witness have any relationship with either the government

or the defense?  Did the witness seem to have a good memory?  Did the witness clearly

see or hear the things about which he/she testified?  Did the witness have the opportunity

and ability to understand the questions clearly and answer them directly?  Did the

witness's testimony differ from the testimony of other witnesses?  When weighing the

conflicting testimony, you should consider whether the discrepancy has to do with a

material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection - like failure of recollection - is not uncommon.

The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

1.08 <u>Pattern Criminal Jury Instructions</u>, Tenth Circuit (2005)

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 9

### Impeachment By Prior Felony Conviction - Defendant

You have heard evidence that the defendant has been convicted of a felony, that is, a crime punishable by imprisonment for a term of years. This conviction has been brought to your attention (1) because the defendant is alleged to have been a federal inmate at the time of this offense; and (2) because you may wish to consider it when you decide, as with any witness, how much of his testimony you will believe in this trial. The fact that the defendant has been convicted of another crime does not mean that he committed the crime charged in this case, and you must not use his prior conviction as proof of the crime charged in this case. You may find the defendant guilty of the crime charged here only if the government has proved beyond a reasonable doubt that he committed it.

1.11 Pattern Criminal Jury Instructions, Tenth Circuit (2005)

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 10

### Voluntariness Of Statements Made By Defendant

Evidence has been presented about statements attributed to the defendant alleged to have been made after the commission of the crime charged in this case but not made in court.  Such evidence should always be considered by you with caution and weighed with care.  Any such statements should be disregarded entirely unless the other evidence in the case convinces you by a preponderance of the evidence that the statement was made knowingly and voluntarily.  In determining whether any such statement was knowingly and voluntarily made, consider, for example, the age, gender, training, education, occupation, and physical and mental condition of the defendant, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.  If, after considering all this evidence, you conclude by a preponderance of the evidence that the defendant's statement was made knowingly and voluntarily, you may give such weight to the statement as you feel it deserves under all the circumstances.

1.25 <u>Pattern Criminal Jury Instructions</u>, Tenth Circuit (2005)

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 11

### The Charge

The defendant has been charged by grand jury indictment with one count of Assault on a Federal Officer or Employee with a Deadly or Dangerous Weapon. The charges reads as follows:

On or about November 24, 2009, at the Administrative Maximum Security (ADX) institution at the Federal Correctional Complex at Florence, in the State and District of Colorado, the defendant, TIMOTHY DOYLE YOUNG, did intentionally forcibly assault, resist, oppose, impede, intimidate and interfere with the victim, Richard Madison, an officer and employee of the Federal Bureau of Prisons, an agency of a branch of the United States government, as designated in Title 18, United States Code, Section 1114, while the victim was engaged in the performance of his official duties; and in the commission of said acts, the defendant used a deadly and dangerous weapon, to wit: a sharpened metal instrument, commonly referred to as a "shank." All in violation of Title 18, United States Code, Sections 111(a)(1) and (b).

The indictment is simply a description of the charges made by the United States against the defendant; it is not evidence. In order for the government to prove that the defendant committed the alleged crime, it must prove the material elements of the crime beyond a reasonable doubt. I will now tell you what those material elements are for the charge in this case.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 12

### Elements

The defendant is charged with a violation of 18 U.S.C. Sections 111(a)(1) & (b) - Assault on a Federal Officer or Employee With a Deadly or Dangerous Weapon.

This law makes it a crime to forcibly assault, resist, oppose, impede, intimidate, or interfere with a federal officer or employee while the officer or employee is engaged in the performance of his official duties. The charge here alleges that the defendant used a deadly and dangerous weapon during the offense.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with Richard Madison;

*Second*: the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was a federal officer or employee who was then engaged in the performance of his official duties;

*Third*: the defendant did such acts intentionally;

*Fourth*: in doing such acts, the defendant used a deadly or dangerous weapon.

The term "forcible assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so, and includes any intentional display of force that would give a reasonable person cause to expect

-19-

immediate bodily harm, whether or not the threat or attempt is actually carried out or the victim is injured.

The term ''deadly or dangerous weapon'' includes any object capable of inflicting death or serious bodily injury.  For such a weapon to have been ''used,'' the government must prove that the defendant not only possessed the weapon, but that the defendant intentionally displayed it in some manner while forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with the federal officer.

The term "federal officer or employee" refers to any officer or employee of the United States, or of any agency in any branch of the United States government.  You are instructed that the Federal Bureau of Prisons is an agency of the United States Department of Justice within the Executive Branch of the United States government.  Therefore, an employee of the Federal Bureau of Prisons is a federal officer and/or employee.

A federal officer is ''engaged in the performance of his official duties'' if he is acting within the scope of what he is employed to do, rather than engaging in a personal frolic of his own.

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, a federal officer carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, a federal officer acting in the course of his

official duties and that the defendant intentionally forcibly, assaulted, resisted, opposed,

impeded, intimidated, or interfered with that officer.

2.09 <u>Pattern Criminal Jury Instructions</u>, Tenth Circuit; 18 U.S.C. § 1114 (defining
"federal officer or employee"); *United States v. Young*, 614 F.2d 243, 244 (10th Cir.
1980) (defining "engaged in performance of official duties"); *United States v. Feola,* 420
U.S. 671, 684 (1975) (defendant need not know status of federal officer); *United States v.
Pettigrew*, 468 F.3d 626, 639 (10th Cir. 2006) (assault is a general intent crime); *United
States v. Hill*, 526 F.2d 1019, 1027 (10th Cir.1975) ("[s]pecific intent was not an
element" of assault on a federal officer).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 13

### On Or About

You will note that the Indictment charges that the crime was committed on or about November 24, 2009.  This means that the government must prove beyond a reasonable doubt that the defendant committed the crimes reasonably near the date charged.

1.18 <u>Pattern Criminal Jury Instructions</u>, Tenth Circuit (2005)

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 14

### Unanimity of Theory

Your verdict must be unanimous.  The charge in this case accuses the defendant of intentionally forcibly assaulting, resisting, opposing, impeding, intimidating or interfering with the victim.  The government does not have to prove all of these different acts for you to return a guilty verdict.  But in order to return a guilty verdict, all twelve of you must agree upon which of the listed acts, if any, the defendant committed *and* that he committed at least one of the acts listed.

1.24 <u>Pattern Criminal Jury Instructions</u>, Tenth Circuit (2005); *United States v. Powell*, 226 F.3d 1181, 1192 n.4 (10th Cir. 2000) (a crime may be alleged in the indictment in the conjunctive, and proven at trial in the disjunctive)

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 15

### Caution - Consider Only Crime Charged

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged.  The defendant is not on trial for any act, conduct, or crime not charged in the Indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged.  The fact that another person *also* may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether the government has proved the defendant guilty of the crime charged.

1.19 <u>Pattern Criminal Jury Instructions</u>, Tenth Circuit (2005)

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 16**

**Caution - Punishment**

If you find the defendant guilty, it will be my duty to decide what the punishment

will be.  You should not discuss or consider the possible punishment in any way while

deciding your verdict.

1.20 <u>Pattern Criminal Jury Instructions</u>, Tenth Circuit (2005)

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 17**

**Duty To Follow Instructions**

You, as jurors, are the judges of the facts.  But in determining what actually happened–that is, in reaching your decision as to the facts–it is your sworn duty to follow all of the rules of law as I explain them to you.  You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.  However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you. It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

1.04 <u>Pattern Criminal Jury Instructions</u>, Tenth Circuit (2005)

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 17

### Duty To Deliberate

In a moment the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read.  Any exhibits admitted into evidence will also be placed in the jury room for you review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.  The second thing you should do is review the instructions.  Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations.  Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree.  Your verdict must be unanimous on each count of the indictment.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs solely because of

the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges - judges of the facts.  You must decide whether the government has proved the defendant guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty.  At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the bailiff.  I will either reply in writing or bring you back into the court to respond to your message.  Under no circumstances should you reveal to me the numerical division of the jury.

1.23 Pattern Criminal Jury Instructions, Tenth Circuit (20050

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Criminal Case No. 10-cr-00493-MSK**

**UNITED STATES OF AMERICA,**

  **Plaintiff,**

**v.**

**1.  TIMOTHY DOYLE YOUNG,**

  **Defendant.**

_____

**VERDICT FORM**
_____


   We, the jury, upon our oaths, unanimously find the defendant, TIMOTHY DOYLE

YOUNG, as to the sole count of the Indictment:


  **_____**   Not Guilty


  **_____**   Guilty



        _____
        FOREPERSON

Dated this **____** day of January, 2011.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th  day of January, 2011, I electronically filed the foregoing **PROPOSED JURY INSTRUCTIONS AND VERDICT FORM** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Arthur S. Nieto**
    arthurnieto@qwestoffice.net

s/Valerie Nielsen
VALERIE NIELSEN
Legal Assistant
U.S. Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax:   (303) 454-0406
E-mail: valerie.nielsen@usdoj.gov
