**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Criminal Case No. 10-cr-00493-MSK**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**1.  TIMOTHY DOYLE YOUNG,**

    **Defendant.**

---

**UNITED STATES' SENTENCING STATEMENT**

---

The United States, through its representatives John F. Walsh, United States Attorney for the District of Colorado, and the undersigned Assistant United States Attorneys, hereby submits this sentencing statement pursuant to General Order 2002-3 and § 6A1.2 of the United States Sentencing Commission, *Guidelines Manual* (2010).

**I.  STATEMENT OF THE CASE**

The defendant, Timothy Doyle Young, was charged in the grand jury indictment with a single count of assault on a federal officer or employee with a deadly or dangerous weapon, a violation of 18 U.S.C. §111(a)(1) and (b). [Doc. No. 1].  The defendant entered a plea of not guilty on October 6, 2010. [Doc. No. 7].  A jury trial was held from January 18 - 20, 2011. [Doc Nos. 42-43, 45].  On January 20, 2011, following deliberation, the jury found the defendant guilty of the sole count of the indictment.  Sentencing is scheduled for May 16, 2011. [Doc. No. 45]

## II.  STATUTORY PENALTIES

The maximum statutory penalty for assault on a federal officer or employee with a deadly or dangerous weapon in violation of 18 U.S.C. §§ 111(a)(1) and (b), is not more than 20 years imprisonment; not more than a $250,000 fine, or both; not more than three years supervised release; a $100 special assessment fee.

## III.  STATEMENT OF FACTS

The defendant, Timothy Doyle Young, is a federal inmate at the Administrative Maximum Security (ADX) facility in Florence, Colorado.  On November 24, 2009, Young was incarcerated in the Special Housing Unit (SHU) at the ADX.  That afternoon, Young attempted to stab Federal Bureau of Prisons (BOP) Correctional Counselor Richard Madison with a homemade weapon while Madison was engaged in the performance of his official duties.  The BOP is an agency of the U.S. Department of Justice within the Executive Branch of the U.S. Government.  Therefore, Madison was a federal officer and employee as designated and defined in Title 18, United States Code, Section 1114.

On the afternoon of November 24, 2009, Counselor Madison and BOP Senior Officer Specialist Cecil Freeman went to Young's cell to get his signature on the ADX "stamp log."  A stamp log is a detailed accounting of postage stamps that have been supplied to indigent inmates by the BOP.  The warden had previously ordered that Young be removed from his cell prior to signing the stamp log because of prior incidents in which Young mishandled or tampered with the log paperwork.

Young was placed into hand restraints, hands in front, and removed from his cell to sign the stamp log.  After signing the log, Young pulled a homemade weapon from his waistband and

attempted to stab Counselor Madison in the throat and upper torso area.  The weapon, commonly referred to as a "shank," was metal, approximately 10 inches long, and sharpened to a point.  Counselor Madison jumped back and escaped injury.  Officer Freeman pulled Young to the ground and restrained him, along with Counselor Madison, until additional BOP personnel arrived.  Young later told the Associate Warden that he tried to stab Madison because he believed staff members were improperly handling Young's mail.

## IV. ESTIMATED GUIDELINE RANGE

The United States provides this estimation of the applicable guideline range solely to assist the probation officer in the preparation of the Presentence Report. (PSR).  This computation is only an estimate; it is not intended to bind probation or the Court.  The government acknowledges that the Court will make all final guideline calculations and will order a sentence pursuant to the goals and mandates of 18 U.S.C. § 3553.  The United States reserves the right to argue for additional applicable guideline enhancements, not outlined below, if they are discovered by government counsel prior to the imposition of the defendant's sentence.  The government also reserves the right to request a departure or variance from the advisory guideline range.

The **2010 Guidelines Manual** is applicable to this case.

A. The base guideline is **§ 2A2.2**, with a base offense level of **14**.

B. Specific Offense Characteristics:

(1) Dangerous weapon was used: **+ 4** [§ 2A2.2(b)(2)(B)].

(2) Defendant convicted under 18 U.S.C. § 111(b): **+2** [§ 2A2.2(b)(6)].

    C.    <u>Victim-Related Adjustments</u>:

    (1) Official Victim: **+ 6** [§ 3A1.2(c)(2) & § 2A2.2, comment (n.4)].

    D.    <u>Adjusted offense level</u>: The adjusted offense level is **26.**

    E.    <u>Acceptance of Responsibility</u>: The defendant should receive a 3-level downward adjustment for acceptance of responsibility, per § 3E1.1. The resulting offense level is **23.**

    F.    <u>Criminal History</u>: The below computation of the defendant's criminal history is tentative and will be finally determined by the Court, following investigation by Probation. Based upon the information currently available, the government estimates a **Criminal History Category III.**

    G.    Assuming the criminal history facts known to the government is correct, the career offender/criminal livelihood/armed career criminal adjustments **would not** apply.

    H.    <u>Imprisonment Range</u>: The advisory guideline range resulting from the above estimated offense level and criminal history category above is **57-71** months. However, in order to be as accurate as possible, with the criminal history undetermined at this time, the estimated offense level could conceivably result in a guideline range from 46 months (bottom of Category I) to 115 months (top of Category VI)

    I.    <u>Fine Range</u>: Pursuant to § 5E1.2, assuming the estimated offense level above, the fine range for this offense would be **$10,000 - $100,000** plus applicable interest and penalties.

    J.    <u>Supervised Release Range</u>: Pursuant to § 5D1.2, the term of supervised release shall be **at least two (2) years, but not more than three (3) years**.

## VI.  UNITED STATES' SENTENCING RECOMMENDATION

The United States reserves the right withhold its final sentencing recommendation until

after a review of the PSR.  The government may request an upward variance from the advisory guideline range if it deems the request appropriate under the circumstances.  The United States also reserves the right to file objections, corrections, additions or any other appropriate response to the PSR pursuant to U.S.S.G. §§ 6A1.2(b) and 6A1.3(a).

Dated this 24th day of January, 2011.

Respectfully Submitted,

JOHN F. WALSH
United States Attorney


*s/Richard A. Hosley*
RICHARD A. HOSLEY
Assistant U.S. Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado  80202
(303) 454-0100
FAX: (303) 454-0403
Email: richard.hosley@usdoj.gov
Attorney for the government


*s/ Gregory A. Holloway*
GREGORY A. HOLLOWAY
Assistant U.S. Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado  80202
(303) 454-0100
FAX: (303) 454-0403
Email: gregory.holloway@usdoj.gov
Attorney for the government

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of January, 2011, I electronically filed the foregoing **UNITED STATES' SENTENCING STATEMENT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Arthur S. Nieto**
arthurnieto@qwestoffice.net

    s/Valerie Nielsen
    VALERIE NIELSEN
    Legal Assistant
    U.S. Attorney's Office
    1225 Seventeenth Street, Suite 700
    Denver, Colorado 80202
    Telephone: (303) 454-0100
    Fax:  (303) 454-0406
    E-mail: valerie.nielsen@usdoj.gov