1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 10-cr-00493-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

TIMOTHY DOYLE YOUNG,

    Defendant.

_____

9

10

**REPORTER'S TRANSCRIPT**
(Sentencing Hearing:  Order)

11

_____

12         Proceedings before the HONORABLE MARCIA S. KRIEGER,

13 Judge, United States District Court for the District of

14 Colorado, occurring at 9:46 a.m., on the 15th day of August,

15 2011, in Courtroom A901, United States Courthouse, Denver,

16 Colorado.

17                   **APPEARANCES**

18         GREGORY HOLLOWAY, Assistant U.S. Attorney, 1225 17th

19 Street, Suite 700, Denver, Colorado, 80202, appearing for the

20 plaintiff.

21         ARTHUR NIETO, Attorney at Law, 1544 Emerson Street,

22 Denver, Colorado, 80218, appearing for the defendant.

23

24  Proceeding Recorded by Mechanical Stenography, Transcription
   Produced via Computer by Paul Zuckerman, 901 19th Street,
25     Room A259, Denver, Colorado, 80294, (303) 629-9285

1    (The following proceedings were had and entered of record

2    after the Court heard the arguments of counsel and statement of

3    defendant:)

4         THE COURT:  Thank you.

5         Then I'll announce the sentence I intend to impose.

6    Counsel, you'll have a final opportunity to make legal

7    objections before judgment is entered.  If you believe that the

8    sentence is premised upon error if I raise an issue that you

9    believe you haven't had adequate opportunity to consider or

10   research or address, please request a continuance.

11        Imposition of a sentence in a federal criminal case is

12   governed by a number of statutes.  The umbrella statute is 18

13   U.S.C. Section 3553.  In imposing sentence in this case, the

14   Court considers the objectives and the factors set forth in

15   Section 3553.  This statute requires the Court to impose a

16   sentence that is sufficient but not greater than necessary to

17   satisfy particular objectives.

18        The sentence must reflect the seriousness of the

19   offense, promote respect for the law, provide just punishment,

20   adequately deter criminal conduct, protect the public from

21   further crimes by the defendant, provide the defendant with

22   needed educational or vocational training, medical care, or

23   other correctional treatment in the appropriate manner.

24        To fashion a sentence that meets these objectives, the

25   statute directs the Court to consider the nature and

 1   circumstances of the offense, the history and characteristics

 2   of the defendant, the kinds of sentences that are available,

 3   the sentence prescribed by the Federal Sentencing Guidelines,

 4   the need to avoid unwarranted sentence disparities among

 5   defendants with similar records found guilty of similar

 6   conduct, and in the appropriate case the need for restitution.

 7          At the beginning of this hearing, I inquired of

 8   Counsel whether the documents that I had identified were the

 9   appropriate documents to be considered for purposes of

10   sentencing and whether they had had an opportunity to review

11   them.

12          Mr. Young had not had an opportunity to review the

13   presentence investigation report, so we took a brief recess so

14   that he could do so.

15          There were no objections to the contents of the

16   presentence investigation report.

17          The objection that was raised in presentence pleadings

18   with regard to the calculation under the guidelines was

19   renewed, and Counsel confirmed that the appropriate documents

20   had been identified.  And there had then been after Mr. Young's

21   review of the presentence investigation report adequate

22   opportunity to consider the evidence before the Court.

23          We turn to the calculation of the sentence under the

24   Federal Sentencing Guidelines.  The base offense level here for

25   a violation of 18 U.S.C. Section 111(a)(1) and (b) is set by

1    Sentencing Guidelines Section 2A2.2 at 14.   Four levels are

2    added because a dangerous weapon was used.   An additional two

3    levels are added because the defendant was convicted under 18

4    U.S.C. Section 111(b).   Six levels are added because this is an

5    offense against a person in accordance with Section 3A1.1

6    Section (a)(1) and (2).   The adjusted offense level then is 26.

7              The presentence investigation report does not reflect

8    any downward adjustment for acceptance of responsibility.   The

9    defense asks for a three-level reduction under the guidelines,

10   and the Court declines the request.   It is clear not only from

11   the statements made during the course of this sentencing but

12   the statements made to the probation officer during the course

13   of the investigation that Mr. Young does not accept

14   responsibility for his actions.

15             After the trial, he admitted he engaged in the

16   behavior; but he believes the behavior to be entirely

17   justified.   And he's nodding his head as I speak.

18             *THE DEFENDANT:*   That's right.

19             *THE COURT:*   Acceptance of responsibility is not just

20   acceptance of responsibility in the sense that "I admit that I

21   engaged in particular actions"; it is also the admission that

22   those actions violated the law.   And in this case, Mr. Young

23   does not admit that.   He believes that he is entitled to engage

24   in violent behavior in order to redress what he believes to be

25   constitutional violations.   And therefore, he gets no downward

1    adjustment for acceptance of responsibility.

2          That leaves us with a total offense level of, 26 and

3    we turn then to the defendant's criminal history.

4          The criminal history calculations in this case result

5    in five criminal history points falling within Criminal History

6    Category III; but this criminal history tally does not really

7    reflect the nuances of Mr. Young's criminal history.  This is

8    Mr. Young's seventh felony conviction.  Under the guidelines,

9    he had 11 convictions for which no points were assigned.  A

10   number of these convictions involved violence: concealed

11   weapon, burglary, assault, burglary, escape, robbery.

12         He was imprisoned on the most recent convictions in

13   1990 at age 30 for three bank robberies.  That sentence will

14   not be completed until 2024, some 13 years hence.

15         But Mr. Young's criminal history didn't end at the

16   prison door.  He's had 36 disciplinary violations.  Prior to

17   this most recent conviction in 1990, he escaped, violated terms

18   of probation and parole; and this offense appears to be the

19   second offense while he has been incarcerated in which he used

20   a weapon to harm another individual, again a violent act.

21         Now, fortunately in this case, the individual he

22   sought to use a foot-long weapon on was not seriously injured;

23   but the evidence at trials reveals that Mr. Young carefully

24   planned this assault, manufactured a weapon, transported the

25   weapon from cell to cell, secreting it in his transfers, lay in

1    wait in order to attack the person he believed violated his

2    constitutional rights, and then attacked.  He has expressed no

3    remorse and quite to the contrary believes that his violence is

4    justified.

5           Under the guidelines, an offense level of 26 and a

6    criminal history category of III would result in incarceration

7    of 78 to 97 months, a supervised release term of two to three

8    years, a fine of $12,500 to $125,000, and there is a mandatory

9    statutory special assessment of $100.

10          There has been no request for a departure under the

11   guidelines.  The Government asks for imposition of a variant

12   sentence, in this case asking for the maximum sentence that can

13   be imposed under the statute, 20 years of imprisonment.

14          I've carefully listened to the arguments made by

15   counsel, read the pleadings that have been submitted, and

16   listened to Mr. Young's statements.

17          Of the sentencing factors, I am primarily concerned

18   with the seriousness of this offense, an assault in ADX, with

19   Mr. Young's clear, unequivocal disrespect for the law, and the

20   need to protect the public from further crimes by Mr. Young.

21          This is an offense that reflects a history of violent

22   conduct, rationalized by a belief, an unswervable belief, that

23   the defendant is right and justified.

24          I share the Government's concern that when violence

25   occurs in one of the most secure prisons in the country,

1    perhaps the most secure prison in the country, and it is so

2    carefully calculated and the defendant has absolutely no

3    remorse for it that this court's primary consideration is to

4    keep the public safe.  And therefore, I'm going to work through

5    the factors with regard to sentencing in reverse order.  I'll

6    announce my reasoning with regard to each component as we

7    proceed.

8          I intend to impose the special assessment of $100.

9    It's mandated by statute.  I don't intend to impose a fine

10   because Mr. Young lacks the ability to pay a fine.

11         I do not intend to impose a term of supervised release

12   because I intend to impose the maximum sentence that can be

13   imposed under law, which I believe, running consecutively to

14   the sentence that Mr. Young is currently serving, will last

15   longer than his life.

16         It is the Court's intention to impose the statutory

17   maximum of 240 months of imprisonment and a special assessment

18   of $100.

19         Is there any need for clarification or further

20   explanation?

21         *MR. HOLLOWAY:*  No, thank you, your Honor.

22         *MR. NIETO:*  Not for the defense.

23         *THE COURT:*  Thank you.

24         Then having considered the provisions of 18 U.S.C.

25   Section 3553, both sentencing objectives and the sentencing

1    factors, focusing particularly upon the nature and

2    circumstances of the offense and the history and

3    characteristics of the defendant, it is the judgment of the

4    Court that the defendant, Timothy Doyle Young, be committed to

5    the custody of the Bureau of Prisons to be imprisoned for a

6    term of 240 months to run consecutively to the prison term he

7    is now serving in Case No. CR89-60012-01.  The term of

8    imprisonment imposed by this judgment, as I said, will run

9    consecutively to the sentence he is currently serving.

10          Given the length of the sentence and Mr. Young's age,

11   I decline to impose a term of supervised release.  He shall,

12   however, participate in the collection of DNA.

13          No fine is imposed due to his inability to pay.

14          A special assessment of $100 is imposed, due and

15   payable immediately.

16          Mr. Young, I advise you of your right to appeal this

17   sentence.  If you desire to appeal, a notice of appeal must be

18   filed with the Clerk of the Court within 14 days after entry of

19   judgment or you lose your right to appeal.

20          Now, ordinarily Mr. Nieto would file that notice of

21   appeal for you; but if you choose to appeal and he is unable or

22   unwilling to file the notice of appeal for you, you may request

23   and I will direct the Clerk of the Court to file a notice of

24   appeal on your behalf.

25          *THE DEFENDANT:*  May I say something?

1          THE COURT:  Sure.

2          THE DEFENDANT:  I would like a notice of appeal filed,

3    but I can't prosecute it.  I mean the BOP is blocking my mail.

4    What do I do?

5          THE COURT:  Mr. Young, I cannot give you advice.

6          THE DEFENDANT:  Yeah, I know.  But I'm just saying

7    this court said these issues are civil.  And I've filed

8    numerous civil complaints, *habeas corpus*, and the Court's done

9    nothing.  I haven't even been able to get process served.  So,

10   you know, I'd like a notice of appeal filed, but there is

11   nothing I can do to follow-up with it.

12         THE COURT:  Well, Mr. Young, I suggest that you confer

13   with Mr. Nieto not only with regard to the filing of the notice

14   of appeal but your right to be represented during the appeal

15   process.

16         You have a constitutional right to have counsel

17   appointed for you.  And whether that's Mr. Nieto or it is

18   someone else, your appeal can be prosecuted with the assistance

19   of counsel.

20         THE DEFENDANT:  Well, I mean, you know, at the

21   beginning of this case I gave him a motion and affidavit

22   stating what the BOP was doing with my mail.  I mean, you

23   know -- and the docket sheet reflects that I've submitted over

24   800 exhibits showing rampant misconduct up there.

25         THE COURT:  Mr. Young, I've been quite indulgent with

10

```
 1    regard to your statements and your participation in this case

 2    and the fact that you have counsel.  And nevertheless I let you

 3    make arguments on your own behalf.  Technically, when you have

 4    counsel, your counsel makes the arguments for you.

 5            I have every confidence that Mr. Nieto, or should you

 6    have new counsel for purposes of an appeal, will make the

 7    appropriate arguments for you during that course.

 8            That will conclude this matter.

 9            Thank you, Mr. Holloway; thank you, Mr. Nieto; thank

10    you to our probation officer, our marshal's staff, and our

11    court staff.  Mr. Young will be remand to the care and custody

12    of the United States Marshal's Service.  That will conclude

13    this matter.  We'll stand in recess.

14        (Recess at 10:05 a.m.)

15                        *   *   *   *   *

16                     REPORTER'S CERTIFICATE

17        I certify that the foregoing is a correct transcript from

18    the record of proceedings in the above-entitled matter.  Dated

19    at Denver, Colorado, this 15th day of August, 2011.

20

21                                  S/Paul A. Zuckerman
                                    _____
22                                    Paul A. Zuckerman

23

24

25
```