FILED
United States Court of Appeals
Tenth Circuit

July 16, 2012

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TIMOTHY DOYLE YOUNG,

    Defendant - Appellant.

No. 11-1433
(D.C. No. 1:10-CR-00493-MSK-1)
(D. Colo.)

---

### ORDER AND JUDGMENT[*]

---

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

---

    In this direct criminal appeal, Timothy Doyle Young, appearing pro se, challenges his conviction on one count of assault of a federal officer or employee with a deadly weapon.[1]  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we dismiss Mr.

---

    [*]After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [1]Because Mr. Young is proceeding pro se, we construe his pleadings liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584 F.3d

Continued . . .

Young's appeal.

Mr. Young is an inmate at the United States Penitentiary-Administrative Maximum in Florence, Colorado. On November 24, 2009, Mr. Young attacked a federal correctional counselor and attempted to stab him with a homemade metal knife. The attack was recorded on surveillance video.

On September 15, 2010, Mr. Young was indicted on one count of assault of a federal officer or employee with a deadly weapon, in violation of 18 U.S.C. §§ 111(a)(1) and (b). Mr. Young pled not guilty and requested a jury trial.

During trial, the Government presented evidence of the attack, including surveillance video and testimony from correctional officers. Additionally, Mr. Young testified about the incident and admitted that he had attempted to stab the correctional counselor. *See* ROA, Vol. II, at 190-91. The jury found Mr. Young guilty. On August 19, 2011, the United States District Court for the District of Colorado sentenced Mr. Young to 240 months of imprisonment. Mr. Young filed a timely notice of appeal challenging his conviction.

On direct appeal, Mr. Young argues that his "conviction must be reversed" because of ineffective assistance of trial counsel. Aplt. Br. at 1. We have repeatedly stated that "[i]neffective assistance of counsel claims should be brought in collateral

---

972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

proceedings, not on direct appeal." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc); *see also Massaro v. United States*, 538 U.S. 500, 504-05 (2003). Thus, "when brought on direct appeal, ineffective assistance of counsel claims are presumptively dismissible, and virtually all will be dismissed." *United States v. Trestyn*, 646 F.3d 732, 741 (10th Cir. 2011) (quotations omitted).

Although we have "considered ineffective assistance of counsel claims on direct appeal in limited circumstances, [we have generally done so] only where the issue was raised *and* ruled upon by the district court and a sufficient factual record exists." *United States v. Flood*, 635 F.3d 1255, 1260 (10th Cir. 2011). "An opinion by the district court is a valuable aid to appellate review for many reasons, not the least of which is that in most cases the district court is familiar with the proceedings and has observed counsel's performance, in context, first hand." *Galloway*, 56 F.3d at 1240. Thus, "even if the record appears to need no further development, the claim should still be presented first to the district court." *Id.*

The district court has not had an opportunity to address Mr. Young's ineffective assistance of counsel claim. And after reviewing Mr. Young's briefing and the record in this case, we see no reason to depart from the general rule that ineffective assistance of counsel claims must be asserted in a collateral proceeding, in this instance a petition under 28 U.S.C. § 2255.

For these reasons, we dismiss Mr. Young's appeal.

                                           ENTERED FOR THE COURT


                                           Scott M. Matheson, Jr.
                                           Circuit Judge

**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**
**OFFICE OF THE CLERK**

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

| | | |
|---|---|---|
| Elisabeth A. Shumaker<br>Clerk of Court | July 16, 2012 | Douglas E. Cressler<br>Chief Deputy Clerk |

Mr. Timothy Doyle Young
USP - Florence ADMAX
P.O. Box 8500
Florence, CO 81226
# 60012-001

**RE:** 11-1433, United States v. Young
District docket: 1:10-CR-00493-MSK-1

Dear Appellant:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk of the Court

cc:   Sergio Garcia
      Gregory Allen Holloway
      Richard Allyn Holsey

EAS/ad